UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYTHAN MICHAEL JONES SLAISE,<br><br>Plaintiff,<br><br>v.<br><br>MERCED COUNTY SHERIFF, et al.,<br><br>Defendants. | Case No.: 1:23-cv-00499 CDB (PC)<br><br>**ORDER ON PLAINTIFF'S "MOTION TO DISMISS" FILED APRIL 26, 2023**<br><br>(Doc. 6) |

Plaintiff Keythan Michael Jones Slaise is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff originally filed his complaint in the Sacramento division of this Court on March 24, 2023. (Doc. 1 [2:23-cv-00564 AC].) On April 4, 2023, Magistrate Judge Allison Claire issued an Order transferring this action to the Fresno division as the violations alleged in the complaint took place in Merced County, which is part of the Fresno division of the United States District Court for the Eastern District of California. (Doc. 4.) The Sacramento division closed its case that same date. (*See* 2:23-cv-00564 Docket Entry No. 3.)

On April 10, 2023, this Court issued its Order Striking Complaint, Order Directing Plaintiff To File Signed Complaint Within Thirty (30) Days Of This Order, and Order Directing Plaintiff To Submit An Application To Proceed In Forma Pauperis Or To Pay The Filing Fee

1 Within Forty-Five (45) Days Of This Order. (Doc. 5.) Plaintiff was served that same date and "Civil Rights Complaint By A Prisoner" and "Application To Proceed In Forma Pauperis By A Prisoner" forms were attached. (*Id*.)

On April 26, 2023, Plaintiff filed a document titled "Motion to Dismiss the Case No. 2:23-cv-00564-AC and Refile on the Proper 42 U.S.C. 1983 United States District Court of the Eastern District of California Forms Including A Completed Forma Pauperis Forms to Proceed in this Case Appropriately as the Original Complaint." (Doc. 6.)

## II. DISCUSSION

Plaintiff's "Motion to Dismiss" is dated and signed April 21, 2023.[1] (Doc. 6.) It is unclear whether Plaintiff's motion is intended to be responsive to the Court's April 10, 2023 Orders. In any event, Plaintiff's motion is unnecessary and moot.

Plaintiff asks this Court "for a dismissal of Case No. 2:23-cv-00564-AC" and states he "will later refile as the original complaint pursuant to 42 U.S.C. 1983." (Doc. 6.) Dismissal of the original action filed in the Sacramento division is unnecessary because Judge Claire's April 4, 2023 Order transferring the matter to the Fresno division resulted in the administrative closure of the Sacramento action—meaning case number 2:23-cv-00564 is now closed and dismissal is not necessary.

As the undersigned's April 10, 2023 Orders state (1) Plaintiff's complaint filed March 24, 2023 has been stricken by the Court because it was not signed; (2) Plaintiff was ordered to file a signed complaint within 30 days of the date of service of the order; and (3) Plaintiff was ordered to submit a completed and signed IFP application, or to pay the $402 filing fee, within 45 days of the date of service of the order. (Doc. 5 at 2.) These deadlines remain in place.

Plaintiff's future filings should include only this action's case number, to wit: 1:23-cv-00499-CDB. All pleadings must be signed. Therefore, to the extent Plaintiff states he will "refile" his "original complaint," he is cautioned again that an unsigned complaint will be stricken.

---

[1] A difference of eleven days between the issuance of the Court's April 10, 2023 Orders and April 21, 2023, the date Plaintiff signed his motion, would seem to allow for Plaintiff's receipt of the Court's April 10, 2023 Orders. Nevertheless, the Court recognizes it is possible Plaintiff had not yet received those orders as prison mail is often delayed.

2

### III. CONCLUSION AND ORDER

For the reasons given above, Plaintiff's motion filed April 26, 2023 (Doc. 6) is **DENIED** as moot. The previously stated deadlines for the filing of a completed and signed complaint and for a completed and signed IFP application remain as previously ordered. Should Plaintiff require additional time within which to file those documents, he shall file a motion for extension of time prior to either deadline expiring. (*See* Doc. 4 [First Informational Order In Prisoner/Civil Detainee Civil Rights Case at 5, VII. Deadlines].)

**Plaintiff is advised that failure to obey a court order will result in a recommendation that this action be dismissed for a failure to obey court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:  **April 27, 2023**            _____
                                                        UNITED STATES MAGISTRATE JUDGE