UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYTHAN MICHAEL JONES SLAISE,<br><br>Plaintiff,<br><br>v.<br><br>MERCED COUNTY SHERIFF, et al.,<br><br>Defendants. | Case No.: 1:23-cv-00499 CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Keythan Michael Jones Slaise is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

Plaintiff originally filed his complaint in the Sacramento division of this Court on March 24, 2023. (Doc. 1 [2:23-cv-00564 AC].) On April 4, 2023, Magistrate Judge Allison Claire issued an Order transferring this action to the Fresno division as the violations alleged in the complaint took place in Merced County, which is part of the Fresno division of the United States District Court for the Eastern District of California. (Doc. 3) The Sacramento division closed its case that same date. (*See* 2:23-cv-00564 Docket Apr. 4, 2023).

On April 10, 2023, this Court issued its Order Striking Complaint, Order Directing Plaintiff To File Signed Complaint Within Thirty (30) Days Of This Order, and Order Directing Plaintiff To Submit An Application To Proceed In Forma Pauperis Or To Pay The Filing Fee

1  Within Forty-Five (45) Days Of This Order. (Doc. 5.) Plaintiff was served that same date and

2  "Civil Rights Complaint By A Prisoner" and "Application To Proceed In Forma Pauperis By A

3  Prisoner" forms were attached. (*Id*.)

4  On April 26, 2023, Plaintiff filed a document titled "Motion to Dismiss the Case No. 2:23-

5  cv-00564-AC and Refile on the Proper 42 U.S.C. 1983 United States District Court of the Eastern

6  District of California Forms Including A Completed Forma Pauperis Forms to Proceed in this

7  Case Appropriately as the Original Complaint." (Doc. 6.)

8  The following day, this Court issued its Order On Plaintiff's "Motion to Dismiss" Filed

9  April 26, 2023. (Doc. 7.) Relevant here, Plaintiff's "motion to dismiss" was denied as moot and

10 Plaintiff was advised the "previously stated deadlines for the filing of a completed and signed

11 complaint and for a completed and signed IFP application remain as previously ordered." (*Id*. at

12 3.)

13     **II.    DISCUSSION**

14         **A.  Legal Standard**

15 The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

16 "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for

17 the imposition by the Court of any and all sanctions … within the inherent power of the Court."

18 Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising

19 that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.,*

20 *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

21 party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*,

22 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a

23 court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.

24 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

25 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

26 In determining whether to dismiss an action, the Court must consider several factors:

27 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

28 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Here, Plaintiff has failed to file a signed complaint and a completed and signed IFP application as ordered. Specifically, Plaintiff was ordered to file a signed complaint no later than 30 days from the date of service of the Court's April 10, 2023 order, or by May 10, 2023. (*See* Doc. 5 at 2.) Additionally, Plaintiff was ordered to file a completed and signed IFP application no later than 45 days from the date of service of that same order, or by May 25, 2023. (*Id.*) Plaintiff has failed to file a signed complaint, nor has he submitted a completed and signed IFP application. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's Order Striking Complaint, Order Directing Plaintiff To File Signed Complaint Within Thirty (30) Days Of This Order, and Order Directing Plaintiff To Submit An Application To Proceed In Forma Pauperis Or To Pay The Filing Fee Within Forty-Five (45) Days Of This Order issued on April 10, 2023. (Doc. 5.) The Court directed Plaintiff to file a signed complaint within 30 days and a completed and signed IFP application within 45 days. (*Id.* at 2.) Further, in its April 27, 2023 Order, the Court reiterated those deadlines remained in effect. (*See* Doc. 7.) Because Plaintiff has failed to file both a signed complaint and a completed and signed IFP application, his inaction amounts to an unreasonable delay in prosecuting this case resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward

3

disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file a signed complaint—where Plaintiff's original complaint has been stricken as unsigned—and by failing to submit a signed IFP application, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. The Court's April 27, 2023 Order expressly warned Plaintiff as follows: "**Plaintiff is advised that failure to obey a court order will result in a recommendation that this action be dismissed for a failure to obey court orders and failure to prosecute.**" (Doc. 7 at 3.) Additionally, Plaintiff was previously warned of the potential for dismissal for a failure to obey court orders in this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued April 4, 2023, to wit: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local Rules of the United States District Court, Eastern District of California ('Local Rules'), as modified by this Order. Failure to comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 4 at 1.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

### III. CONCLUSION, ORDER AND RECOMMENDATIONS

The Clerk of the Court is **DIRECTED** to assign a district judge to this action.

Further, for the reasons given above, the undersigned **RECOMMENDS** that this action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 1, 2023**

UNITED STATES MAGISTRATE JUDGE